IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRUCE WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-596-WKW-WC |
| | ) |
| NEIL ARAMSTRONG, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1) and motion for leave to proceed *in forma pauperis* (Doc. 3). On July 25, 2016, the District Judge entered an Order (Doc. 2) referring this matter to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate."

Because Plaintiff has requested leave to proceed *in forma pauperis*, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

On November 3, 2016, the undersigned Magistrate Judge entered an order (Doc. 4) noting that Plaintiff's complaint fails to state any claim upon which relief could be granted

and that it was therefore due to be dismissed pursuant to § 1915(e)(2)(B)(ii).  The Order further directed as follows:

> Plaintiff shall, **on or before November 23, 2016**, file an amended complaint that, consistent with the principles described in this order, complies with Rule 8(a) of the Federal Rules of Civil Procedure so that this court may satisfy its statutory screening obligation and, if appropriate, Defendants may respond to Plaintiff's allegations.  Plaintiff must clearly and succinctly allege the facts with which he is aggrieved, and, as to each defendant he names in the complaint, he must clearly and succinctly allege the specific actions taken by such defendant which he alleges has violated his constitutional rights.

Order (Doc. 4) at 3-4 (emphasis in original).  Finally, the Order cautioned Plaintiff that, should he fail to file an amended complaint as directed, the undersigned would enter a "recommendation that this case be dismissed for failure to prosecute this action and abide by the orders of the court."  *Id.* at 4.

Plaintiff has not filed his amended complaint as instructed by the court's Order of November 3, 2016.  Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED due to Plaintiff's failure to prosecute this action and abide by the orders of the court.  It is further

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **January 17, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 3rd day of January, 2017.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE